

**DAY PITNEY LLP (WENDY JOHNSON LARIO)**
ONE JEFFERSON ROAD
PARSIPPANY, NEW JERSEY 07054-2891
(973) 966-6300
WLARIO@DAYPITNEY.COM

**ATTORNEYS FOR**
Defendant United Parcel Service, Inc.



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL GANNON, | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | **NOTICE OF REMOVAL** |
| UNITED PARCEL SERVICE, | : | |
| Defendant. | : | |

United Parcel Service, Inc., improperly pleaded as "United Parcel Service", defendant in the above-captioned matter, hereby files the within Notice of Removal of this action and states, in support of the Notice of Removal, that:

1. This action was commenced in the Supreme Court of the State of New York, County of New York, by the filing of a Complaint on November 8, 2010, and is entitled *Michael Gannon v.*

83441464.1

*United Parcel Service, Inc.*  A true copy of the Complaint is attached hereto as Exhibit A.

2. Defendant's registered agent was served with the complaint on December 1, 2010.

3. This Notice of Removal is filed within thirty days of notice of the initial pleading setting forth the claims for relief upon which this action is based.  The time period of thirty days from service of the Complaint expires on December 31, 2010.

4. No hearings or other proceedings have taken place in this action to defendant's knowledge.

5. Plaintiff alleges that defendant terminated his employment in violation of the New York State Human Rights Law.

6. Plaintiff is a citizen and resident of the State of New York, Orange County.

7. United Parcel Service, Inc. is an Ohio corporation, which maintains a principal place of business in Atlanta, Georgia.

8. Plaintiff pleads damages of $1,000,000, including punitive damages, and additionally requests: (1) costs; (2) interest; and (3) attorneys' fees.  As such, plaintiff's alleged

...

damages are such that the District Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a), and his claims are therefore removable to the District Court under 28 U.S.C. §1441(a).

WHEREFORE, defendant requests that the foregoing action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

DAY PITNEY LLP
Attorneys for Defendant

By: _____
WENDY JOHNSON LARIO
A Member of the Firm

DATED: December 30, 2010.

# EXHIBIT A

Case 1:10-cv-09669-AKH   Document 1   Filed 12/30/10   Page 4 of 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MICHAEL GANNON,

                     *Plaintiff,*

-against-

UNITED PARCEL SERVICE,

                     *Defendant.*
-----------------------------------------------------------------X

Index No.

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Plaintiff, MICHAEL GANNON, by his attorneys, THE HARMAN FIRM, P.C., as and for his Complaint against Defendant alleges as follows:

### PARTIES, JURISDICTION AND NATURE OF ACTION

       1.     Plaintiff, MICHAEL GANNON ("GANNON"), a citizen of the State of New York residing in Orange County, was unlawfully terminated from his employment solely due to his age in violation of New York State anti-discrimination laws.

       2.     Upon information and belief, UNITED PARCEL SERVICE ("UPS"), the defendant herein, at all times hereinafter mentioned, is a corporation duly authorized to do business in the State of New York, with offices located at 643 West 43rd Street, New York, New York 10036.

       3.     This action seeks damages for Defendant's violations of the New York State Human Rights Law (New York Executive Law § 296, *et. seq.*).

       4.     This Court has jurisdiction over this matter as it involves actions in violation of New York State statutes.

       5.     Venue is properly laid in this Court in that the unlawful conduct giving rise to this

Complaint occurred within the County of New York.

## BACKGROUND FACTS

6. In or about 1985, Plaintiff GANNON began working for Defendant UPS as a Service Provider, delivering hundreds of packages per day in Elmsford, New York.

7. Approximately seven (7) months later, Plaintiff GANNON was promoted to the position of On-Car Supervisor, where he supervised over seventy (70) drivers and helped direct the flow of packages throughout his district.

8. Only months later, in or about 1986, Plaintiff GANNON was promoted to Pre-Load Supervisor, where he supervised over sixty (60) package handlers.

9. In or about 1990, Plaintiff GANNON was once again promoted to the position of Hub Supervisor, where he was responsible for sorting all incoming packages, in addition to the hiring and training of personnel.

10. In or about 1992, Plaintiff GANNON received yet another promotion to Safety Coordinator where he led Occupational Safety and Health Act ("OSHA") training courses and Package Driver Training courses for over four thousand (4,000) employees, and even implemented a plan for training hub personnel on safe work methods for all drivers.

11. In or about 2000, Plaintiff GANNON became aware of newly promoted supervisors that were changing times and allowances on driving routes, effectively reporting false information. Plaintiff GANNON was aware that this was wrong, and instructed them to stop altering the time cards.

12. Plaintiff GANNON reported this to Nick Kochek (Division Manager), who spoke to all of the supervisors and told them that these indiscretions needed to stop.

13. Only two days later, solely in retaliation for alerting management to this behavior, Plaintiff GANNON was demoted from On-Car Supervisor, working a full day shift, to Clerk/Car-Wash/Pre-load Supervisor, where Plaintiff GANNON was forced to work overnight shifts of fourteen (14) to eighteen (18) hours a day.

14. It was clear to Plaintiff GANNON that it was not prudent to object and speak out against illegal activities being committed by Defendant UPS.

15. About eight (8) years later, in or about December 2008, Plaintiff GANNON began, for the first time, to receive a great deal of pressure from upper management to alter time cards of drivers who worked more than twelve (12) hours to reflect that each driver worked less than the legal maximum of twelve (12) hours per day.

16. Plaintiff GANNON had refused to partake in such behavior, due to what happened the last time Plaintiff GANNON objected. However, he had no choice but to go along with his supervisor's, Mr. Miccarelli's, directions or he would lose his job.

17. Mr. Miccarelli often told Plaintiff GANNON that "you have to do this . . . there is a lot of pressure on me . . . my job is on the line," all in an effort to force Plaintiff GANNON to fraudulently change the time card records. In fact, Mr. Miccarelli even told Plaintiff GANNON that Nava Gnessin, Division Manager, was threatening to terminate him if the fraud was not committed.

18. Mr. Miccarelli put a lot of pressure on Plaintiff GANNON to change the time cards and said "don't worry . . . just put it in . . . I will take care of it."

19. Plaintiff GANNON was worn down by Mr. Miccarelli's constant demands and became increasingly fearful of the retaliation he would endure if he did not comply with these demands. Plaintiff GANNON feared immediate and harsh retaliation if he did not follow Mr.

Miccarelli's instructions.

20. At the same time, Mr. Miccarelli was also instructing many other employees, including Ross Giacomini (Pre-Load Supervisor), Tim Becker (On-Car Supervisor), and Veronica Rodricks (Center OMS), to also alter time cards to reflect the same.

21. In or about February of 2008, Plaintiff GANNON became aware for the first time that the Manhattan North Manager and three supervisors were disciplined as a result of fraudulently altering time cards.

22. As such, Plaintiff GANNON decided that he had enough and affirmatively objected to the fraud and wholly refused to participate in the altering of any other time cards.

## UNLAWFUL AGE DISCRIMINATION

23. Even though Plaintiff GANNON had stopped altering any time cards, on or about May 18, 2009, quite surprisingly, Plaintiff GANNON was called into a meeting with Ms. Gnessin, Division Manager, and Rene Guillory, Employee Relations Manager, during which Plaintiff GANNON's employment with Defendant UPS was terminated after twenty-four (24) years for purported "misconduct."

24. Rather perplexing was that Ms. Gnessin refused to elaborate or even inform Plaintiff GANNON as to the type of "misconduct" for which he was being accused. Without asking any questions or providing any information, Ms. Gnessin simply told Plaintiff GANNON, "You know what you did."

25. While he was never notified of the actual reason for termination, Plaintiff GANNON assumed that the "misconduct" to which she was referring was the altering of the time cards.

26. Following Plaintiff GANNON's termination, he was given an Employee Dispute Resolution (EDR) Package and was granted a meeting pursuant to company policy. The EDR meeting was supposed to be a with a group of Plaintiff GANNON's peers from his district, as a way for individuals who are familiar with his work performance and history to be involved in the EDR process.

27. However, Plaintiff GANNON was notified that there was a "change of policy" and that he was going to have to choose from peers outside of his district. This meant that the individuals that would be participating with the EDR would not be familiar with Plaintiff GANNON and were completely unaware of his job history and performance.

28. Upon information and belief, this change was an arbitrary decision and not an official policy of Defendant UPS.

29. Upon information and belief, Howard Kaufman, who is under age 40, another UPS employee, was also terminated but was granted an EDR meeting with a group of his peers from his district.

30. Upon information and belief, although many other employees of Defendant UPS had also altered time cards, the only other employees that were terminated for this behavior were Rob Miccarelli and Ross Giacomini, both of whom were over the age of 40 at the time of their termination.

31. Specifically, Ms. Gnessin and Ms. Guillory were both aware that Al Afonte, Dave Kundal, and Otto Espinel, all of whom are younger than Mr. Gannon and under age 40, also committed time card fraud but were not terminated for this behavior.

32. Upon information and belief, Ms. Gnessin even called Ms. Rodricks for the sole purpose of confirming that the adjustments to time cards were being completed.

33. It is clear that on or about May 18, 2009, Plaintiff GANNON was illegally terminated from his position at Defendant UPS solely on the basis of his age.

34. During Plaintiff GANNON's tenure with Defendant UPS, he always received positive feedback for his work performance.

35. Plaintiff GANNON worked for Defendant UPS for over twenty-four (24) years, as he believed that he would have a long and successful career with the corporation.

36. Upon information and belief, UPS did not want employees who were over the age of forty (40), and thus used practices that were engaged in by most employees as fabricated reasons for termination.

37. Considering Plaintiff GANNON's work performance, as exemplified by his numerous promotions, unlawful age discrimination could be the only viable basis for Plaintiff GANNON's illegal termination.

38. Upon information and belief, Defendant UPS knew that their actions violated New York State anti-discrimination laws.

39. Upon information and belief, Defendant UPS was at all times aware of Plaintiff GANNON's civil rights, yet deliberately disregarded them.

40. Upon information and belief, Defendant UPS's actions were done maliciously and/or in reckless disregard for Plaintiff GANNON's civil rights.

## FIRST CAUSE OF ACTION
**[New York State Executive Law § 296(1)(a)]**

41. Plaintiff GANNON repeats and realleges each and every allegation contained in

paragraphs "1" though "40" with the same force and affect as if separately alleged and reiterated herein.

42. New York State Executive Law *§ 296(1)(a)* provides that it shall be an unlawful discriminatory practice: "For an employer . . . because of . . . age . . . of any individual . . . to discharge from employment such individual or to discriminate against such individual in . . . terms, conditions or privileges of employment."

43. Defendant engaged in an unlawful discriminatory practice prohibited by New York State Executive Law *§ 296(1)(a)* by discriminating against Plaintiff on the basis of his age.

44. As a result, Plaintiff suffered economic damages and emotional injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    (i)        On the First Cause of Action, actual damages to be determined at trial,

but in no event less than $1,000,000;

(ii) Full Severance package in accordance with 24 ½ years of service;

(iii) Full Pension as though he had worked until age 55 which was his ultimate goal before termination;

(iv) Disbursement of RSU's (stock that the company was holding and did not give to him)

(v) Disbursements and other costs;

(vi) Attorneys' fees; and

(vii) For such other and further relief which the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated:   New York, New York
         November 5, 2010

By: _____
Walker G. Harman, Jr., Esq.
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
450 7th Avenue, Suite 2601
New York, New York 10123
212-425-2600

8

**Index No.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MICHAEL GANNON,

Plaintiff,

-Against-

UNITED PARCEL SERVICE,

Defendant.

---

SUMMONS AND COMPLAINT

---

THE HARMAN FIRM, P.C.
Attorney for Plaintiff
450 Seventh Avenue, Suite 2601
New York, NY 10123
212-425-2600
212-202-3926 (fax)

*To*

Kristine J. Feher, Esq.
Micala Robinson, Esq.
Day Pitney, LLC
P.O. Box 1945
Morristown, NJ 07962

Walker G. Harman, Jr., Esq.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
------------------------------------------------------------------X

MICHAEL GANNON,

                       Plaintiff,              Index No. 10114628

   -against-                                          **SUMMONS**

UNITED PARCEL SERVICE,

                       Defendant.
------------------------------------------------------------------X

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and serve a copy of your answer within twenty (20) days after the service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

       Plaintiff designates New York County as the place of trial which is the county in which the acts and omissions giving rise to the allegations in the complaint occurred.

Dated:       New York, New York
               November 8, 2010

NEW YORK
COUNTY CLERK'S OFFICE

NOV 08 2010

NOT COMPARED
WITH COPY FILE

By: _____
Walker G. Harman, Jr., Esq.
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
450 Seventh Avenue, Suite 2601
New York, NY 10123
(212) 425-2600